# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 13, 2003 Session

## STATE OF TENNESSEE v. DOYLE BORDERS

### Direct Appeal from the Criminal Court for Sumner County
No. 273-2002     Jane Wheatcraft, Judge

---

### No. M2002-02373-CCA-R3-CD - Filed July 24, 2003

---

The Defendant, Doyle Borders, pled guilty to possession of Dilaudid, a Schedule II controlled substance, with the intent to sell or deliver. As part of his plea agreement, he expressly reserved with the consent of the trial court and the State the right to appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). The certified question of law concerns the validity of a search warrant. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Zoe Laakso Doyle, Gallatin, Tennessee, for the appellant, Doyle Borders.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Dee Gay, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 11, 2002, a search warrant was issued in Sumner County authorizing the search of 110 Old Fairfield Road in Westmoreland, which is the Defendant's residence. That same day, police officers executed the warrant and searched those premises. Certain property was seized, including Dilaudid tablets. The Sumner County Grand Jury subsequently returned an indictment charging the Defendant with possession of a Schedule II controlled substance, hydromorphone (Dilaudid), with the intent to sell or deliver.

The Defendant thereafter filed a motion to suppress the evidence seized from his residence, asserting that the search of his residence was illegal. At the conclusion of the suppression hearing, the trial court denied the Defendant's motion, and the Defendant pled guilty to possession of a

Schedule II controlled substance with intent to sell or deliver. He expressly reserved the right to appeal a certified question of law. In the addendum to its final judgment against the Defendant, which addendum is specifically incorporated in the judgment, the trial court stated the question as follows:

> Whether the search of the Defendant's home on January 11, 2002 and the seizure of certain evidence, both physical and testimonial, from the Defendant on that date and subsequent to the search were illegal and in violation of the Fourth Amendment to the United Stated Constitution and Article I, § 7 of the Tennessee Constitution for the reason that the search warrant was not issued upon probable cause as required by the Fourth Amendment and as required by Article I, § 7 of the Tennessee Constitution.

Tennessee Rule of Criminal Procedure 37(b)(2) provides that an appeal lies from any judgment of conviction entered pursuant to a plea of guilty or nolo contendere if

> (i) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
>     (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>
>     (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
>     (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
>     (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

The prerequisites for the consideration of the merits of a certified question of law as required by Rule 37(b)(2)(i) having been met, we begin our analysis of whether the search of the Defendant's residence was illegal.

In <u>State v. Jacumin</u>, 778 S.W.2d 430 (Tenn. 1989), the Tennessee Supreme Court rejected the totality of the circumstances approach adopted by the Supreme Court of the United States in <u>Illinois v. Gates</u>, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), for determining probable cause in affidavits based on informant allegations. Our Supreme Court held that under our Constitution, probable cause would be determined by the Aguilar-Spinelli two-pronged test. <u>See</u> <u>Jacumin</u>, 778 S.W.2d at 436. That test requires the establishment of the basis of knowledge and the veracity of those supplying hearsay information. <u>See id.</u> at 432. The basis of knowledge prong requires that the affidavit contain facts from which the magistrate may determine that the informant had a basis for the claim regarding criminal conduct or contraband. <u>See id.</u>; <u>see also</u> <u>State v. Moon</u>,

841 S.W.2d 336, 338 (Tenn. Crim. App. 1992). The veracity prong requires that the affidavit contain facts from which the magistrate may determine either the inherent credibility of the informant or the reliability of the information provided. See Jacumin, 778 S.W.2d at 432; see also Moon, 841 S.W.2d at 338.

While our Supreme Court cautioned against "hypertechnical" application of the two-pronged test, this test is the standard by which probable cause will be measured to determine if the issuance of a search warrant is proper under Article I, Section 7, of the Tennessee Constitution. Jacumin, 778 S.W.2d at 436.

An affidavit has historically been viewed as an indispensable prerequisite to the issuance of a search warrant in Tennessee. See Tenn. Code Ann. § 40-6-103. The affidavit must set forth on its face facts which establish probable cause before a search warrant may issue. See Tenn. Code Ann. § 40-6-104; Tenn. R. Crim. P. 41(c). Probable cause to support the issuance of the warrant must appear in the affidavit, and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant. See Moon, 841 S.W.2d at 338. Also, essential to the process of obtaining a search warrant is the requirement that the affidavit recite sufficient underlying facts and circumstances to enable the issuing magistrate to "perform his detached function and not serve merely as a rubber stamp for the police." United States v. Ventresca, 380 U.S. 102, 109, 85 S. Ct. 741, 13 L. Ed. 2d 684 (1965).

We now examine the affidavit relied upon to support the issuance of the search warrant. The affidavit was executed by an investigator with the Eighteenth Judicial District Drug Task Force. After describing the evidence to be seized and the premises to be searched, the affidavit states the following in support of probable cause:

(1)     Your Affiant has received anonymous complaints from several individuals who stated that Doyle Borders is and has been selling Dilaudids from his residence in Westmoreland, Tennessee. Dilaudids are a Schedule 2 Controlled Substance.

(2)     Within the past 72 hours your Affiant purchased at least one Dilaudid from Doyle Borders at his residence, 110 Old Fairfield Road[,] Westmoreland[,] Tennessee. This purchase was conducted by using a Confidential Informant.

(3)     Within the past 30 days your Affiant sent a Confidential Informant to the Doyle Borders residence, 110 Old Fairfield Road in Westmoreland, Tennessee in an attempt to purchase Dilaudid(s) from him.

(4)     Your Affiant listened to the deal via a police consensual listing [sic] devise [sic]. During the deal your Affiant learned from the Doyle Borders that he indeed had Dilaudids for resale. However, Borders would not sell the Dilaudids unless the Confidential Informant would use the Dilaudids before leaving his residence. During the conversation your Affiant overheard Borders offering the Confidential Informant a syringe to use. It is common

practice for Dilaudid users [to] crush up Dilaudid(s)[,] place them in a syringe with water[,] then inject the solution into various parts of their bodies.

(5) A check of through [sic] the Federal Bureau of Investigation criminal records shows the following drug related criminal history:

    (a) An arrest for Violation of Probation for testing positive on a Drug Screen in February of 2000 in Lafayette, Tennessee[;]

    (b) An arrest for Possession of a Schedule 6 Controlled Substance and Possession of Drug Paraphernalia in July of 2001 in Gallatin, Tennessee[;]

    (c) An arrest for Sell [sic] of a Schedule 2 Controlled Substance (Dilaudids) in October of 2001 by the Sumner County Sheriff[']s Department[;]

    (d) An arrest for Possession of Drug Paraphernalia in August of 2001 in Nashville, Tennessee.

Based upon the above your Affiant request[s] a search warrant be issued for 110 Old Fairfield Road in Westemoreland, Tennessee[,] the residence of Doyle Borders.

Although the affidavit mentions several drug-related arrests and anonymous complaints regarding the Defendant selling drugs from his residence, the question of whether the affidavit supports probable cause turns on whether the information received from the confidential informant satisfies the Aguilar-Spinelli two-pronged test. As this Court has observed, we begin our review of the affidavit by "measuring its contents under the two-pronged test in a commonsense, nonhyper-technical fashion." Moon, 841 S.W.2d at 339.

Paragraph (2) of the affidavit states that a confidential informant purchased Dilaudid from the Defendant. This is sufficient to demonstrate the basis of the confidential informant's knowledge of the Defendant's criminal activity. Paragraphs (3) and (4) state that the investigator sent a confidential informant to buy Dilaudid from the Defendant. The investigator listened to the attempted buy via a listening device. The investigator heard the Defendant verify that he did have Dilaudid to sell. However, the Defendant refused to sell the drug to the confidential informant unless the informant used the drug at the Defendant's residence, and the Defendant then offered the informant a syringe to use. This sufficiently demonstrates the credibility of the information provided by the confidential informant, that is, that the Defendant was selling Dilaudid from his residence. Therefore, we conclude that both prongs of the Aguilar-Spinelli test have been satisfied.

Because we find that the affidavit satisfies the Aguilar-Spinelli standard of probable cause, we also conclude that it satisfies the less "rigid" totality of the circumstances standard adopted by the United States Supreme Court in Illinois v. Gates, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Therefore, the affidavit supports a finding of probable cause under both the United States and the Tennessee Constitutions. Accordingly, the trial court did not err by denying the Defendant's motion to suppress.

The judgment of the trial court is affirmed.

_____

DAVID H. WELLES, JUDGE